IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANNON J. HAKEEM,

       Plaintiff,

v.                                            No. 1:20-cv-01239-KG-JFR

CRISIS CENTER OF NORTHERN NEW MEXICO,

       Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on *pro se* Plaintiff's Amended Complaint and Request for Injunction, Doc. 5, filed December 21, 2020 ("Amended Complaint").

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)."  Doc. 1, filed November 30, 2020 ("Complaint").   Plaintiff alleges that Defendant breached its "duty of care to plaintiff and children offering a safe, non-bias, neutral, and positive environment for the petitioner and his children to continue a relationship and correctly report to family courts their observations." Complaint at 4.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Court does not have diversity jurisdiction over this matter, because both Plaintiff and Defendant are reside in New Mexico, or federal question jurisdiction because there are no allegations that this action "aris[es] under the Constitution, laws, or treaties of the United States," and granted Plaintiff an opportunity to file an amended complaint.  Doc. 4, filed December 2, 2020.

Plaintiff filed his Amended Complaint using the form "Complaint and Request for Injunction."  Doc. 5, filed December 21, 2020.  This case arises from a child custody dispute which

is pending in state district court.  The Amended Complaint alleges that the state district judge presiding over Plaintiff's case in state court is "dragging out this case because of court's special interests with the Defendant [which] has caused [Plaintiff] mental anguish as well as harmed the [Plaintiff] by not following the exact course of due process, 14th Amendment."  Amended Complaint at 6.  The only relief that Plaintiff seeks is "for this case [to] be heard by New Mexico Federal Court to avoid any bias judgements by [State] District Court."  Amended Complaint at 6. Where the form complaint asks for the basis for jurisdiction, Plaintiff checked the box for "federal question" and wrote "Motion to recuse under 28 U.S.C. 144."

The Court does not have jurisdiction over this matter. The statute upon which Plaintiff relies to establish federal question jurisdiction, 28 U.S.C. §144, "Bias or prejudice of judge," applies only to District Judges in United States Courts; it does not apply to state court judges. Consequently, this case does not arise under federal law.

The Court dismisses this case without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

IT IS ORDERED that this case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE